■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROBINSON, Appellant.—Application by assigned counsel to withdraw on the ground that the appeal is wholly frivolous granted to the extent of assigning alternate counsel. Time to perfect appeal enlarged to the September 1980 Term of this court. An examination of the record indicates the existence of at least one nonfrivolous issue. Three psychiatrists testified at defendant's competency hearing, two of them that defendant was not competent to assist in his own defense and the third that he could not draw a conclusion because of defendant's failure to co-operate, but recommending a postponement because "there are serious questions that must be raised as to whether he should be brought to trial at this time on the basis of the symptoms which I noted during these contacts". A fourth psychiatrist submitted a letter to the court stating that defendant was competent to proceed. The People's position after the conclusion of the hearing was that the defendant was not competent to proceed. The court asked defendant's new assigned counsel whether the defendant could co-operate in his defense and counsel replied that he was not a psychiatrist but, "I can talk to Mr. Robinson. I can consult with Mr. Robinson. I don't think I can say anything more than that to the Court." The court ruled that the only issue at that point was whether the defendant could work with his lawyer and that he was competent. It would appear to this court that in view of the testimony at the hearing and the People's position that defendant was not competent, the issue of competency as determined by the trial court is not frivolous. Concur—Murphy, P. J., Sandler and Carro, JJ.

Kupferman and Birns, JJ., dissent in a memorandum by Kupferman, J. I dissent and would affirm. This is an appeal from a judgment convicting the defendant on his plea of guilty of manslaughter in the second degree and sentencing him to an indeterminate term of imprisonment with a maximum of nine years. The plea of guilty also covered another matter. The original indictment charged the defendant with an intentional killing by means of a knife. The defendant requested permission to act as his own counsel or as cocounsel, on which decision was reserved. During jury selection, counsel moved for a psychiatric examination of the defendant, under CPL 730.30. Thereafter, on resumption of proceeding the defendant made a written motion for a mistrial, and assigned counsel made an oral motion for a mistrial and for continued psychiatric observation of the defendant. The motions were granted. Two assigned attorneys were present representing the defendant. Thereafter, a competency hearing was held at which the defendant was represented by two attorneys. Two psychiatrists testified that the defendant was not competent to assist in his own defense, while a third stated that he did not reach a conclusion on the question because the defendant would not co-operate, but he suggested a postponement of the trial. His assigned counsel for the competency hearing stated that the defendant was generally co-operative but was incomprehensible on the matter of acting as cocounsel. Thereafter, assigned counsel was relieved and a new one appointed. A letter was received by the court from another psychiatrist to the effect that the defendant was competent to stand trial. Thereafter, when the parties appeared before the court, the defendant's

counsel stated that he could work with the defendant for the purpose of having a trial. Thereafter, when the court convened for a trial, the defendant was represented by another attorney. He entered the plea in which the defendant admitted that he stabbed a man to death while under the influence of liquor. The defendant then entered into a rehabilitation program with release from confinement, while the sentence on the plea of guilty was deferred to evaluate progress under the program. While supposedly under the program, he was arrested and was carrying a knife when arrested, and had resumed his heavy drinking. He asked for a further chance for rehabilitation, and the matter was adjourned for another month. Thereafter, he appeared for sentencing and received this indeterminate sentence of 0 to 9 years to cover the manslaughter plea and a petit larceny charge pending in the criminal court. Assigned counsel on this appeal raised a number of questions by mail with the defendant, who then asked his counsel to request to be relieved, but did not answer any of the questions. Counsel complied with the request and moved to be relieved, but this court on April 17, 1979 rejected the request. On this appeal, counsel has analyzed a number of points, including competence to stand trial, that could be raised and finds them wanting. He therefore asked, in the nature of a *Saunders* application (52 AD2d 833), that he be relieved. This court now grants that application and, instead of simply affirming, assigns alternate counsel to pursue the competency question further. It needs only a reiteration of the facts heretofore set forth to understand why the criminal justice system is not always held in great repute.